UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER GETCHELL and
ALLISON GETCHELL,

    Plaintiffs,

v.                                             Case No:   6:15-cv-1702-Orl-40TBS

SUNTRUST BANK,

    Defendant.

## ORDER

Yesterday, the Court denied Defendant's Motion for Extension of Time to File Case Management Report (Doc. 16), because it did not comply with FED. R. CIV. P. 6(b) (Doc. 17). Following the entry of that Order, Plaintiff's filed their Unopposed Motion for Order Allowing Telephone Meeting (Doc. 18). It is now clear that counsel did not meet in-person as required by the Court's Order (Doc. 6), and M.D. FLA. Rule 3.05(c)(2)(B). The motion offers no excuse for counsel's conduct, instead, it simply asks that the requirement of an in-person meeting be waived because counsel have conferred by telephone and agreed on the contents of their case management report. The motion does not satisfy the requirements of FED. R. CIV. P. 6(b) even though the Court explained the rule yesterday, and it does not comply with M.D. FLA. Rule 3.01(a). Nevertheless, after due consideration, the motion is **GRANTED**. Counsel will not be required to meet in-person to prepare the case management report. But, counsel have 14 days from the rendition of this Order to show cause in writing why they should not be held in contempt and sanctioned for failing to comply with the Court's Order (Doc. 6), and M.D. FLA. Rules 3.01(a) and 3.05(c)(2)(B). Their responses shall address, *inter alia*, why they did not

meet in-person; when they met by telephone to prepare the case management report; and why the case management report was not timely filed.

**DONE** and **ORDERED** in Orlando, Florida on November 25, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record