UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER GETCHELL and
ALLISON GETCHELL,

       Plaintiffs,

v.                                    Case No:  6:15-cv-1702-Orl-TBS

SUNTRUST BANK,

       Defendant.

_____

## ORDER

This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 13).   Plaintiffs Christopher and Allison Getchell contracted with Defendant SunTrust Bank for the sale and purchase of Lots 22 and 23 Canaveral Groves Replat Section C Unit 1 Sheet 1 (Docs. 2-1, 2-2).   On February 8, 2013 Defendant conveyed Lot 22 to Plaintiffs by special warranty deed (Doc. 2, ¶ 5).   Plaintiffs' complain that Defendant breached the contract by failing to convey Lot 23 to them (Id., ¶ 6). Plaintiffs seek damages, including special damages for liability to unidentified third parties (Id., ¶ 7).

Defendant requests dismissal of the complaint with prejudice pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 13).   A Rule 12(b)(6) motion to dismiss tests the sufficiency of the plaintiff's complaint.   La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).   Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do.   Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007).   To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible

on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

Plaintiffs attached a copy of the parties' contract to their complaint, thus making it "a part of the pleading for all purposes." FED. R. CIV. P. 10(c). It is well settled in this Circuit that where there is a conflict between the allegations in a complaint and the exhibits attached to it, the exhibits control. Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Defendant argues that the following provision in the contract conflicts with and nullifies Plaintiffs' claim:

> *Buyer waives any claims against Seller and, to the extent permitted by law, against any real estate licensee involved in the negotiation of this Contract, for any defects or other damage that may exist at Closing of this Contract and be subsequently discovered by the Buyer or anyone claiming by, through, under or against the Buyer.*

(Doc. 2-1, ¶ 18X). Plaintiffs counter that their claim is preserved by paragraph 15(b) of the same contract which states:

> SELLER DEFAULT: If for any reason other than failure of Seller to make Seller's title marketable after reasonable diligent effort, Seller fails, neglects or refuses to perform Seller's obligations under this Contract, Buyer may elect to

> receive return of Buyer's Deposit without thereby waiving any
> action for damages resulting from Seller's breach and,
> pursuant to Paragraph 16, may seek to recover such damages
> or seek specific performance.   This Paragraph 15 shall
> survive Closing or termination of this Contract.

(Doc. 2-1, ¶ 15(b)).   The conflict, if any, between these provisions, and how they apply to

Plaintiffs' claim are not issues the Court will resolve on Defendant's motion to dismiss.   A

more fully developed record is required before the Court decides these matters.

Next, Defendant contends that the following language in the contract shifted the

risk of loss to Plaintiffs:

> TITLE AND VESTING.   SELLER HEREBY ADVISES BUYER
> THAT BUYER SHOULD OBTAIN A POLICY OF TITLE
> INSURANCE WITH RESPECT TO THE PROPERTY AND
> SHOULD HAVE ANY COMMITMENT FOR SUCH TITLE
> INSURANCE EXAMINED BY AN ATTORNEY OF BUYER'S
> OWN SELECTION.

(Doc. 2-2, ¶ 3).   The Court disagrees.   At this stage in the case, the Court finds that

Defendant's recommendation that Plaintiffs purchase title insurance did not relieve

Defendant of its obligation to convey Lot 23 to Plaintiffs.

Defendant's final argument is that the contract merged into the deed at closing so

that "any discrepancy in the contract and deed is ultimately reduced to property conveyed

in the deed."   (Doc. 13 at 5).   The general rule in Florida "is that preliminary agreements

and understandings relating to the sale of land become merged in the deed.   This rule,

however, does not apply to independent covenants or provisions in an agreement of sale

not intended by the parties to be incorporated in the deed.   In such case the delivery of

the conveyance is merely a part performance of the contract, which remains binding as to

its further provisions." Graham v. Commonwealth Life Ins. Co., 154 So. 335, 337 (Fla.

1934) (quoting Caveny v. Curtis, 257 Pa. 575, 581, 101 A. 853 (Pa. 1917).

A deed is an instrument used to convey real property from the seller to the buyer. The description of the property being conveyed is an integral part of the instrument. Here, the conveyance of Lots 22 and 23 was the object of the parties' contract. Therefore, it cannot be said that the failure to include Lot 23 in the deed to Plaintiffs was a separate, independent, or collateral matter that did not merge into the deed.   This leads the Court to conclude that Defendant's merger argument is well taken, and the motion to dismiss is **GRANTED without prejudice**, with 14 days leave for Plaintiffs to amend.

The Court grants leave to amend because Plaintiffs may be able to state a viable cause of action.   Although not alleged in their complaint, Plaintiffs argue that the merger doctrine does not apply in cases of mistake.   See Southpointe Development, Inc. v. Cruikshank, 484 So.2d 1361, 1362 (Fla. 2nd DCA 1986) ("As a general rule, all preliminary agreements and understandings leading up to the sale of real estate merge in the deed. However, the principle of merger does not apply in cases of mistake."); Kidd v. Fowler, 498 So.2d 969, 970 (Fla. 4th DCA 1987) ("The trial court based its decision in part on the doctrine of merger which holds that at closing the contract for the purchase and sale of land merges into the deed, thus extinguishing the contract.   While the doctrine is a viable one, we will not apply it where a mistake has clearly been made and equity demands reformation.").   Plaintiffs may be able to allege mistake or some other ground the Court is not aware of that will permit them to move forward against Defendant.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record