UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER GETCHELL and
ALLISON GETCHELL,

    Plaintiffs,

v.                                  Case No:   6:15-cv-1702-Orl-TBS

SUNTRUST BANK,

    Defendant.

## ORDER[1]

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint or Alternative Motion to Stay Litigation is currently pending before this Court (Doc. 35). Plaintiffs have filed a response in opposition (Doc. 36), and the matter is now ripe for resolution. For the reasons stated below, the motion is granted in part and denied in part.

### Background

Plaintiffs Christopher and Allison Getchell contracted with Defendant SunTrust Bank for the sale and purchase of Lots 22 and 23 Canaveral Groves Replat Section C Unit 1 Sheet 1 (Docs. 2-1, 2-2, 32). On February 8, 2013 Defendant conveyed Lot 22 to Plaintiffs by special warranty deed (Doc. 32 at ¶ 5). On August 13, 2015, Plaintiffs filed suit against Defendant in the Circuit Court in and for Brevard County, Florida (Doc. 2). On October 8, 2015, Defendant removed the case to this Court (Doc. 1). On December 21, 2015, the Court granted in part and denied in part Defendant's motion to dismiss and gave Plaintiffs leave to file an amended complaint (Doc. 31). Plaintiffs' amended

---

[1] On December 9, 2015, both parties consented to the exercise of jurisdiction by a magistrate judge (Docs. 21 at 3; 25). The case was reassigned to me later that day (Doc. 26).

complaint alleges that Defendant breached the parties' contract by failing to convey Lot 23 to Plaintiffs (Doc. 32, ¶ 6).   Plaintiffs seek damages, including special damages for liability to unidentified third parties (Id., ¶ 7).

Defendant has moved the Court to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)6) or in the alternative, to stay it (Doc. 35).   Defendant argues that Plaintiffs have failed to comply with a contractual condition precedent that requires the parties to mediate before pursuing litigation (Doc. 35 at 2).   Plaintiffs deny that pre-suit mediation is required and argue that the mediation provision in the contract is only triggered by unsuccessful attempts to resolve conflicting demands on the deposit, which is not the subject of Plaintiffs' lawsuit (Doc. 36).   Plaintiffs argue alternatively, that if the pre-suit mediation requirement in the contract does apply, Defendant waived mediation by participating in this case (Id. at 2).   Defendant also seeks dismissal of Plaintiffs' claims for special damages and money had and received.

## Discussion

### A. Applicable Law

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the plaintiff's complaint. La Gresta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).   Because Rule 8(a)(2) requires a plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do.   Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n.3 (2007).   To survive dismissal under Rule 12(b)(6), a plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).   A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678.   In evaluating a

complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  Id.; Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).  Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

Plaintiffs have attached a copy of the parties' contract to their complaint, thus making it "a part of the pleading for all purposes."  FED. R. CIV. P. 10(c).  It is well settled in this Circuit that where there is a conflict between the allegations in a complaint and the exhibits attached to it, the exhibits control.  Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

When alternative dispute resolution is contemplated in a contract, "[t]he Court looks at the parties' intent to submit the dispute to mediation, starting at the language of the clause."  3-J Hosp., LLC v. Big Time Design, Inc, No, 09-61077-CIV, 2009 WL 3586830, at *1 (S.D. Fla. Oct. 27, 2009) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)).  "Where the parties' agreement requires mediation as a condition precedent to arbitration or litigation, the complaint must be dismissed."  Id. at *2 (citing Kemiron Atlantic, Inc. v. Aguakem Intern., Inc., 290 F.3d 1287 (11th Cir. 2002)).

B. Plain Language of Paragraph 16

Paragraph 16 of the contract provides,

> Unresolved controversies, claims and other matters in question between Buyer and Seller arising out of, or relating to, this Contract or its breach, enforcement or interpretation ("Dispute") will be settled as follows:
>
> > (a) Buyer and Seller will have 10 days after the date conflicting demands for the Deposit are made to

> attempt to resolve such Dispute, failing which, Buyer and Seller shall submit such Dispute to mediation under Paragraph 16(b).
>
> (b) **Buyer and Seller shall attempt to settle Disputes in an amicable manner through mediation pursuant to Florida Rules for Certified and Court-Appointed Mediators and Chapter 44, F.S., as amended (the "Mediation Rules")**. The mediator must be certified or must have experience in the real estate industry. Injunctive relief may be sought without first complying with this Paragraph 16(b). **Disputes not settled pursuant to this Paragraph 16 may be resolved by instituting action in the appropriate court having jurisdiction of the matter.** This Paragraph 16 shall survive Closing or termination of this Contract.

(Doc. 38-1 at 7) (emphasis added).

Paragraph 16 is not restrictive and the mediation provision is not limited to situations involving conflicting demands to the deposit. Subparagraphs (a) and (b) are related but they stand alone in the sense that they apply independently of one another. The "Disputes" referenced in subparagraph (b) include any unresolved controversy or claim that arises out of or relates to the contract (Doc. 38-1 at 7). The language of the contract clearly requires mediation as a condition precedent to the initiation of litigation concerning this dispute. Both Plaintiffs are signatories to the agreement and are therefore, bound by its provisions.

   C.   <u>Waiver of Pre-Suit Mediation Requirement</u>

Plaintiffs argue in the alternative that by actively participating in this case, Defendant waived the mediation requirement (Doc. 36 at 2). Plaintiffs note that "[a]fter this action was filed, Defendant[ ] filed a motion to dismiss, which did not raise the issue of pre-suit mediation, or seek dismissal or abatement on that basis ..." (<u>Id.</u>). Contrary to Plaintiffs' claim, Defendant's actions to date are not inconsistent with its obligation to

- 4 -

mediate.  It is true that Defendant conferred with Plaintiffs in the preparation of a case management report and filed a prior motion to dismiss that did not mention the mediation requirement.  But, Defendant's participation in this litigation is not so substantial as to waive the contractual pre-suit mediation requirement.  See Maynard v. Knology, Inc., Case No. 4:10-cv-15 (CDL), 2010 U.S. Dist. LEXIS 60629, at *10-12 (M.D. Ga. June 18, 2010).  The filing of a motion to dismiss does not necessarily represent a waiver of the right to arbitrate.  Id. at *11 (citing Sweater Bee by Banff, Ltd. V. Manhattan Indus., Inc., 754 F.2d 457 (2d Cir. 1985)).

And, Plaintiffs were not prejudiced by Defendant's failure to request enforcement of the mediation provision prior to filing this instant motion.  Cf. Maynard, 2010 U.S. Dist. LEXIS 60629, at *10-11 (when considering whether a party has waived its right to arbitration the Court considers (a) whether, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and (b) whether, by doing so, that party has prejudiced the other party) (quoting Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002)); see also S&H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990).

Since the parties entered into a valid and enforceable agreement to mediate disputes arising out of the contract, Defendant has not waived its right to mediate, and no mediation has occurred, this action is premature.

D.  Case Abeyance

Although dismissal is warranted (3-J Hosp., LLC,, 2009 WL 3586830, at *2; Mobility Transit Serv. LLC v. Augusta, Ga., 2013 WL 3225475, at *3 (S.D. Ga, June 25, 2013)), the Court finds that a stay is more appropriate.  While the case is in its early

stages,[2] the only value dismissal has over a stay is to require Plaintiffs to pay another filing fee in the event the case is not resolved at mediation. This is not a compelling reason to dismiss the action. The Court has a duty to manage the cases on its docket and to stay the case instead of dismissing it fulfills the interests of justice and fairness. See Hawkins v. Citimortgage, Inc., Case No. 8:14-cv-02810-T-33AEP, 2014 U.S. Dist. LEXIS 177762, at *5 (M.D. Fla. Dec. 29, 2014) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997)); see also Swartz v. Westminister Serv. Inc., No. 8:10-cv-1722-T-30AEP, 2010 WL 3522141, at *1 (M.D. Fla. Sept. 8, 2010) ("The law is clear that when confronted with an objection that a plaintiff has initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism.") (citing N-Tron Corp. v. Rockwell Automation, Inc., Civil Action No. 09-0733-WS-C, 2010 WL 653760, at *7 (S.D. Ala. Feb. 18, 2010)). This action is due to be stayed so the parties can perform their contractual obligation to mediate.

E. Claim for Special Damages

Defendant maintains that Plaintiffs' claim for special damages is barred by Paragraph 15 of the contract and Paragraphs 13, 14, and 15 of the Addendum (Doc. 35 at 7).[3] Plaintiffs argue that these paragraphs may limit the *amount* of recoverable damages, but they do not bar special damages (Doc. 36 at 4). The Court finds that the cited paragraphs do not preclude Plaintiffs' claim for special damages. The Court will

---

[2] The parties have more than three months until dispositive motions are due and a little more than eight months before the scheduled trial (Doc. 29 at 1-2).

[3] Defendant should have filed a motion to strike, rather than a motion to dismiss the claim for special damages.

- 6 -

allow the claim for special damages subject to Plaintiffs' concession that all damages are limited to the amount Plaintiffs actually paid Defendant (Id.).

F. Claim for Money Had and Received

Defendant argues that Plaintiffs' count for money had and received is nothing more than a claim for unjust enrichment and should be dismissed in light of the alleged breach of contract count (Doc. 35 at 7).   Florida recognizes a cause of action for money had and received.   The comments to Florida Standard Jury Instruction 416.40 in Contract and Business Cases explain:

> 1. The common law action for money had and received derives from the common law action of assumpsit.   The action is used to recover money which a defendant erroneously receives in circumstances where it would be unjust for the defendant to retain the money.   While this is a legal action, it draws "upon the equitable principle that no one ought to be unjustly enriched at the expense of another." Sharp v. Bowling, 511 So.2d 363, 364-65 (Fla. 5th DCA 1987).
>
> 2. A claim for money had and received may be based upon a wide variety of grounds including: (1) upon consideration which has failed, Deco Purchasing & Distributing Co. v. Panzirer, 450 So.2d 1284, 1275 (Fla. 5th DCA 1984); (2) for money paid by mistake, First State Bank of Fort Meade v. Singletary, 124 Fla. 770, 169 So. 407 (1936); (3) for money obtained through imposition, extortion, or coercion, Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 So. 182, 184 (1912); or (4) where defendant had taken undue advantage of claimant's situation, Moss v. Condict, 154 Fla. 153, 16 So.2d 921, 922 (1944).   The foregoing list is not exclusive, and a claim for money had and received may be based upon any set of facts "which show that an injustice would occur if money were not refunded."   Moore Handley, Inc. v. Major Realty Corp., 340 So.2d 1238, 1239 (Fla. 4th DCA 1976).

Thus, the existence of the contract is not necessarily fatal to Plaintiffs' claim.   This is of particular concern to Plaintiffs since Defendant has asserted merger of the contract into the special warranty deed as a defense to the breach of contract claim (Doc. 13 at 6).

Should the Court find that the merger doctrine applies, then Plaintiffs may (the Court makes not decision), still have a claim for money had and received.

In her concurring opinion in <u>Tiara Condominium Association, Inc., v. Marsh & McClennan Companies, Inc.</u>, 110 So.3d 399 (Fla. 2013), Justice Pariente said:

> Basic common law principles already restrict the remedies available to parties who have specifically negotiated for those remedies, and, contrary to the assertions raised in dissent, our clarification of the economic loss rule's applicability does nothing to alter these common law concepts.  For example, in order to bring a valid tort claim, a party still must demonstrate that all of the required elements for the cause of action are satisfied, including that the tort is independent of any breach of contract claim.

<u>Id</u>. at 408.   Defendant argues, based upon this statement, that Plaintiffs' count for money had and received is barred because parties are limited to the bargained-for-remedies in their contract.   The statement is dicta, taken from a concurring opinion in a case that concerns the application of the economic loss rule.   It does not suffice as a basis to dismiss Plaintiffs' claim.

## Conclusion

For the reasons stated above, it is **ORDERED** and **ADJUDGED** that:

(1) Defendant's Motion to Dismiss Plaintiffs' Amended Complaint or Alternative Motion to Stay Litigation (Doc. 35) is **GRANTED IN PART AND DENIED IN PART**.

(2) This case is **STAYED** pending mediation.   The Clerk is directed to **ADMINISTRATIVELY CLOSE** the file until the case is resolved and/or the stay is lifted.

(3) The parties shall **SUBMIT** their dispute to mediation, as per the terms of the contract.   Unless the parties reach agreement on a different schedule, mediation shall be **CONDUCTED** within **sixty (60) days** from the rendition of this Order.

(4) Within **ten (10) days** of the completion of mediation, the parties shall **NOTIFY** the Court of the outcome of mediation. If this case is not resolved, the Court will lift the stay and impose the deadlines outlined in the Case Management and Scheduling Order, as appropriate, including the scheduled date for Court-ordered mediation (Doc. 29 at 2)

(5) The Motion (Doc. 35) is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on February 25, 2016.

*[Signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record